UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LINDA KAY LINNE,

    Plaintiff,

v.

ALAMEDA HEALTH SYSTEM,

    Defendant.

Case No. 22-cv-04981-RS

**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT**

## I. INTRODUCTION

Following a previous order granting the motion to dismiss, *pro se* Plaintiff Linda Kay Linne filed an Amended Complaint reasserting her claims of discrimination and retaliation against former employer Defendant Alameda Health System, pursuant to the Americans with Disabilities Act and ADA Amendments Act of 2008 (together, "ADA"). Defendant again moves to dismiss. Under Civil Local Rule 7-1(b), Defendant's motion is suitable for disposition without oral argument. For the reasons that follow, the motion to dismiss is granted with prejudice.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). Accordingly, dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal

theory." *See Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks and citation omitted).

When evaluating such a motion, courts generally "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," however. *Iqbal*, 556 U.S. at 678. Indeed, courts are "not required to accept as true 'allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *World Health & Educ. Found. v. Carolina Cas. Ins. Co.*, 612 F. Supp. 2d 1089, 1093 (N.D. Cal. 2009) (citation omitted).

## III. DISCUSSION

Plaintiff, a respiratory therapist, was employed with Defendant until she was terminated for noncompliance with Defendant's COVID policy—a decision which Plaintiff alleges was discrimination and retaliation in violation of the ADA. Plaintiff's Amended Complaint, however, advances substantially unchanged facts and legal theories from her first Complaint, and ultimately suffers from the same deficiencies outlined in the previous Order Granting the Motion to Dismiss.

Under the ADA, the term "disability" is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1). Whether any of these three prongs is satisfied is a threshold inquiry that determines whether Plaintiff falls under the scope of the ADA at all, and necessarily antecedent to other questions or analyses.[1] Here, they are not: the Amended Complaint still fails to make sufficient allegations to show that Plaintiff is, or was recorded or regarded as, a disabled person *within the meaning of the ADA* and that she was terminated *because of a disability within the meaning of the ADA*.

---

[1] This includes, for instance, the inquiry of whether an individualized assessment was conducted to determine whether Plaintiff posed a direct threat.

With respect to Plaintiff's appeal to the "regarded as" prong of the disability definition, as previously explained, employees cannot bring claims for being regarded as having an impairment that is "transitory and minor," defined as "an impairment with an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(3)(B). On this basis, courts "generally agree that a COVID-19 infection is not a disability," because it is "generally transitory." *Lundstrom v. Contra Costa Health Services*, 2022 WL 17330842 at *5 (N.D. Cal. Nov. 29, 2022) (citing cases).

Plaintiff attacks *Lundstrom* as exhibiting "tortured reasoning and pretzel logic," but otherwise offers no analysis of the legal reasoning therein. Instead, Plaintiff makes reference to the out-of-circuit opinion in *Feds for Med. Freedom v. Biden*, 63 F.4th 366 (5th Cir. 2023)—which held that the Civil Service Reform Act of 1978 did not strip courts of jurisdiction to review pre-enforcement challenges to the executive orders mandating vaccines for federal employees, and nowhere discusses the ADA—and *Laird v. Tatum*, a wholly irrelevant case concerning military surveillance of civilians, to lament that "the America once extolled as the voice of liberty heard around the world no longer is cast in the image which Jefferson and Madison designed, but more in the Russian image." 408 U.S. 1, 28–29 (1972) (Douglas, J., dissenting). Yet Plaintiff's mere disagreement with legal precedent no more vitiates it than her disagreement with Defendant's COVID precautions nullifies those policies.[2]

As Plaintiff acknowledges, the "transitory and minor" standard applies to the alleged impairment claimed to be a disability. *See* Dkt. 17 at 8 ("It is important to point out that whether COVID-19 is transitory and minor is different from whether the threat of termination was transitory and minor (which was definitely not transitory and/or minor) . . . ."). In other words, because COVID-19 is an impairment that is considered transitory, even being regarded as having, or potentially contracting, COVID-19 is being regarded as having an impairment that is

---

[2] As Defendant notes, Plaintiff spends four pages of the Opposition—nearly a third of her entire brief—providing improper citations to external websites that criticize the efficacy of the COVID-19 vaccine. Though Plaintiff is entitled to her beliefs regarding the vaccine, they are not enough to insulate her from the persuasive legal precedent of this district.

transitory—and therefore falls outside the scope of the definition of disability under 42 U.S.C. §12102(1)(C). *See* 42 U.S.C. §12102(3)(B). That the consequence for failing to comply with Defendant's COVID policies (*i.e.*, termination) are less transitory has no bearing on this legal analysis.

Plaintiff's passing reference to the "record of" prong fares no better. Although she avers that Defendant misclassified her as disabled, a notation that Plaintiff is "unvaccinated" does not indicate that Defendant recorded Plaintiff as having a disability. *See West v. Scott Lab'ys, Inc.*, No. 22-CV-07649-CRB, 2023 WL 2632210, at *4 (N.D. Cal. Mar. 24, 2023) (dismissing claim that Defendant misclassified Plaintiff "as having or being 'vulnerable' to contracting COVID-19" as "[t]here simply is nothing to suggest that [Defendant] ever classified [Plaintiff] as having an impairment that substantially limited one or more major life activities") (citations omitted); *see also* 29 C.F.R. § 1630.2(k)(2) ("An individual will be considered to have a record of a disability if the individual has a history of an impairment that substantially limited one or more major life activities *when compared to most people in the general population*, or was misclassified as having had such an impairment.") (emphasis added).

Across both prongs of disability, moreover, it bears repeating that there is nothing inherent in a policy equally instituting COVID protections to employees that is naturally harassing. Plaintiff's averments that she "received repeated emails addressed to her email address at work" do not, in fact, "clearly demonstrate[] that she was hassled, coerced and discriminated against." Dkt. 17 at 3.

With respect to Plaintiff's retaliation claim, it was previously explained that protected activity generally either challenges a violation of the ADA, or requests a remedy authorized by it. *See Lundstrom*, 2022 WL 17330842, at *6 (citing 42 U.S.C. § 12203(a)). Plaintiff has neither described a situation concerning a disability as defined under the ADA, nor alleged facts to show that Defendant's communications with and termination of Plaintiff were anything other than its enforcement of a policy, in place before Plaintiff opposed it, that applied equally to all employees. Contrary to her conclusory arguments, Plaintiff's noncompliance is not protected activity related

to a disability, and Defendant had legitimate, non-retaliatory reasons for maintaining consequences for noncompliance. *See, e.g., O'Hailpin v. Hawaiian Airlines, Inc.*, 583 F. Supp. 3d 1294, 1312 (D. Haw. 2022). Plaintiff has thus not stated a claim for retaliation under the ADA.

Finally, Plaintiff's gestures to other legal concepts, like Defendant's duty of care and medical privacy, do not advance her claims under the ADA. As Plaintiff fails to allege that she was recorded or regarded as having a disability within the meaning of the ADA, her ADA discrimination and retaliation claims must be dismissed.

## IV. CONCLUSION

Plaintiff's Amended Complaint falls short even of the relaxed standard applied to pleadings filed by *pro se* litigants. Because at this point it is clear the deficiency is one of legal theory and not with the factual allegations, further leave to amend will not be given. The case is therefore dismissed with prejudice, and the Clerk is directed to close the file.

**IT IS SO ORDERED**.

Dated: April 28, 2023

_____
RICHARD SEEBORG
Chief United States District Judge