UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA KAY LINNE,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAMEDA HEALTH SYSTEM,<br><br>    Defendant. | Case No. 22-cv-04981-RS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On August 30, 2020, *pro se* Plaintiff Linda Kay Linne filed a Complaint asserting claims of disability discrimination and retaliation against her former employer. Plaintiff's Complaint was dismissed on January 24, 2023, for failure to state a claim. Plaintiff was given leave to amend, but her Amended Complaint was dismissed with prejudice on March 13, 2023. Both dismissals were premised on Plaintiff's failure to allege sufficiently that she was recorded or regarded as a disabled person within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102. Specifically, the allegations in the Amended Complaint were insufficient because COVID-19 is generally not recognized as a disability under the ADA. *Lundstrom v. Contra Costa Health Servs.,* No. 22-CV-06227-CRB, 2022 WL 17330842 at *5 (N.D. Cal. Nov. 29, 2022) (citing cases). Plaintiff now moves for reconsideration. For the reasons set forth below, the motion is denied.

As an initial matter, Civil Local Rule 7-9(a) provides that "no party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civ. L.R. 7-9(a). Plaintiff's failure to obtain leave of Court before filing the motion would, alone, ordinarily necessitate denying the motion.

Even affording the liberality customarily extended to *pro se* litigants, however, Plaintiff's motion does not prevail on its merits, as the motion fails to satisfy any of the three grounds for reconsideration. *See* Civ. L.R. 7-9(b) (requiring the movant to show either: (1) "[t]hat at the time of the motion for leave, a material difference in law or fact exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.").

Plaintiff's main contention is that the prior order erred in construing 42 U.S.C. § 12102(3)(B). According to her, "the Court has ignored the main operative word in the 'transitory and minor' provision of the ADA," in that, specifically, "[t]he Court did not consider whether the Defendant's regarding of Plaintiff as disabled was 'minor.'" Dkt. 20 at 2–3. This is not so. Courts have consistently found that COVID-19 is "not a disability," *Lundstrom*, 2022 WL 17330842 at *5, and central to this conclusion is the analysis that COVID-19 satisfies both elements of the "transitory and minor" standard. The assertion that Defendant's policies are "anything but minor" again confuses the *impairment* with the *consequence*s, in a mere reiteration of a previous argument (and shifting the focus to "minor"). This has already been addressed, *see* Dkt. 19 at 3–4, and also runs afoul of the local rules. *See* Civ. L.R. 7-9(c) ("Prohibition Against Repetition of Argument").

As Plaintiff fails to offer any additional facts or arguments in support of her retaliation claim, reconsideration of her disability discrimination claim is not warranted. The motion for reconsideration is denied; no further reconsideration motion will be considered on these issues.

**IT IS SO ORDERED**.

Dated: June 8, 2023

_____
RICHARD SEEBORG
Chief United States District Judge